IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. CR 91-00552 EJD |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| v. | |
| Arthur John Jung, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Early Termination of Supervised Release.[1] Defendant seeks any early termination of his supervised release of five years which he is currently serving. (Id. at 1-2.) The government has filed a timely Respond to Defendant's Motion.[2]

Title 18 U.S.C. § 3583(e) provides that a sentencing court may terminate the supervised release of a defendant early following the completion of one year of supervised release. See 18 U.S.C. § 3583(e)(1). In determining whether early termination is appropriate, the court should consider certain factors set forth in 18 U.S.C. § 3553(a)(1), *et. seq.* See 18 U.S.C. § 35583(e). These factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant,"[3] the need for the sentence imposed to "to protect the public from

---

[1] (Defendant's Pro Se Motion for Early Termination of Term of Supervision, hereafter, "Motion," Docket Item No. 1635.)

[2] (United States; Opposition to Defendant's Motion for Early Termination of Supervised Release, hereafter, "Opp'n," Docket Item No. 1637.)

[3] 18 U.S.C. § 3553(a)(1).

1 further crimes of the defendant,"[4] and the need to provide the defendant with vocational training or
2 other correctional treatment. Id. § (a)(2)(D).

3 Here, Defendant contends that early termination is appropriate because he has maintained
4 stable employment since his release and has not engaged in further criminal conduct. (Motion at 6.)
5 The government objects to early termination on the ground that Defendant's probation officer
6 opposes termination, and that the importance of Defendant's role in the crime underlying his
7 conviction renders early termination inappropriate. (Opp'n at 1-2.) Upon review, the Court finds
8 that early termination of Defendant's supervised release is not warranted at this time. First,
9 Defendant's supervising officer objects to early termination because the officer has not had
10 sufficient time to evaluate whether Defendant requires additional supervision. Second, the Court
11 finds that the seriousness of Defendant's offense,[5] which resulted in a custodial sentence of twenty
12 years, weighs against early termination.

13 Accordingly, the Court DENIES Defendant's Motion for early termination of supervised
14 release.[6]

Dated: 9/28/2012

EDWARD J. DAVILA
United States District Judge

---

[4] 18 U.S.C. § 3553(a)(2)(C).

[5] In 1996, Defendant was convicted of possessing hashish with intent to distribute while on board a vessel subject to U.S. jurisdiction. (Opp'n at 2.)

[6] It is worth noting that at the time Defendant filed this Motion, March of 2010, he had only been on supervised release for approximately 13 months. (Opp'n at 2.) Nothing in this Order is intended to prevent Defendant from filing a new motion for early termination should his circumstances have changed and he has the support of his supervising officer.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Arthur John Jung
3926 Mahinahina Street
Lahina, HI 96761

Lewis Davis, lew.davis@usdoj.gov
Tarek J. Helou, tarek.j.helou@usdoj.gov

**Dated: September 28, 2012**     **Richard W. Wieking, Clerk**

**By:** *Elizabeth C Garcia*
**Elizabeth Garcia**
**Courtroom Deputy**